NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-5624-13T3
STATE OF NEW JERSEY,

 Plaintiff-Respondent,

v.

RAJEEM A. SCOTT,

 Defendant-Appellant.
________________________________________________________________

 Submitted June 21, 2016 – Decided June 16, 2017

 Before Judges Espinosa and Kennedy.

 On appeal from the Superior Court of New
 Jersey, Law Division, Essex County,
 Indictment No. 11-04-0648.

 Joseph E. Krakora, Public Defender, attorney
 for appellant (Alan I. Smith, Designated
 Counsel, on the brief).

 Carolyn A. Murray, Acting Essex County
 Prosecutor, attorney for respondent (Andrew
 R. Burroughs, Special Deputy Attorney
 General/Acting Assistant Prosecutor, of
 counsel and on the brief).

PER CURIAM

 Defendant appeals from the denial of his petition for post-

conviction relief (PCR) following an evidentiary hearing. We
affirm, substantially for the reasons expressed by Judge Martin

G. Cronin in his oral decision.

 Defendant entered a guilty plea to an amended charge of third-

degree conspiracy to commit aggravated assault, N.J.S.A. 2C:5-2

and N.J.S.A. 2C:12-1(b)(7), pursuant to a plea agreement in which

three other charges were dismissed. At the time defendant entered

his guilty plea, he testified that he agreed with two others to

"beat . . . up" the victim, J.E., "pretty seriously." He admitted

that J.E. was, in fact, beaten up by one or more of the three of

them. Defendant was sentenced to three years' probation and did

not file a direct appeal.

 Approximately one year later, he filed a pro se PCR petition

and was assigned counsel. Defendant contended he was denied the

effective assistance of counsel because his attorney failed to

inform him of the severity of the crime, the defenses available

to him, the penal consequences of his conviction and the terms of

his plea agreement, and also failed to conduct an adequate

investigation.

 Judge Cronin conducted an evidentiary hearing and provided a

comprehensive statement of reasons for denying the application.

 Defendant presents the following arguments in this appeal:

 2 A-5624-13T3
 POINT I

 THE ORDER DENYING POST-CONVICTION
 RELIEF SHOULD BE REVERSED BECAUSE
 TRIAL COUNSEL'S TESTIMONY
 CONFIRMING DEFENDANT'S CLAIM THAT
 THERE WAS AN INADEQUATE PRETRIAL
 INVESTIGATON SATISFIED DEFENDANT'S
 BURDEN TO PROVE INEFFECTIVE
 ASSISTANCE OF COUNSEL BY A
 PREPONDERANCE OF THE EVIDENCE.

 POINT II

 THE ORDER DENYING POST-CONVICTION
 RELIEF SHOULD BE REVERSED BECAUSE
 IT VIOLATED DEFENDANT'S RIGHT TO
 EFFECTIVE ASSISTANCE OF COUNSEL AS
 GUARANTEED BY THE SIXTH AMENDMENT
 TO THE UNITED STATES CONSTITUION.

 POINT III

 THE PCR COURT ERRED IN DENYING
 DEFENDANT'S POST-CONVICTION RELIEF
 MOTION TO SET ASIDE HIS GUILTY
 PLEA PURSUANT TO STATE V. SLATER[1].

 We are not persuaded by any of these arguments and affirm.

 The standard for determining whether counsel's performance

was ineffective for purposes of the Sixth Amendment was formulated

in Strickland v. Washington, 466 U.S. 668, l04 S. Ct. 2052, 80 L.

Ed. 2d 674 (1984), and adopted by our Supreme Court in State v.

Fritz, l05 N.J. 42 (l987). In order to prevail on a claim of

ineffective assistance of counsel, defendant must meet the two-

1
 198 N.J. 145 (2009).

 3 A-5624-13T3
prong test of establishing both that: (l) counsel's performance

was deficient and he or she made errors that were so egregious

that counsel was not functioning effectively as guaranteed by the

Sixth Amendment to the United States Constitution; and (2) the

defect in performance prejudiced defendant's rights to a fair

trial such that there exists "a reasonable probability that, but

for counsel's unprofessional errors, the result of the proceeding

would have been different." Strickland, supra, 466 U.S. at 687,

694, l04 S. Ct. at 2064, 2068, 80 L. Ed. 2d at 693, 698.

 Defendant first argues that his trial counsel was ineffective

for failing to conduct an adequate pretrial investigation. He

states that, at the evidentiary hearing, "trial counsel confirmed

defendant's claim that he failed to conduct any pretrial

investigation, and failed to file a pretrial motion to suppress

the identification of defendant because he believed that there

were no viable defense issues."

 In his appellate brief, defendant has not identified any

pretrial investigation that would have produced result-changing

evidence. Without such context, his contention that he would not

have entered a guilty plea if counsel had conducted an adequate

pretrial investigation rings hollow.

 The thrust of this argument is that counsel was ineffective

for failing to file a motion challenging the victim's

 4 A-5624-13T3
identification of defendant. At the evidentiary hearing, trial

counsel explained in detail why he did not "think there was any

viable legal challenge" to the identification. He noted the police

witnessed defendant and another person attacking someone and gave

chase. One of the officers caught defendant and returned him to

the victim, who identified him at the scene. He noted further the

victim and defendant knew each other; they had gone to school

together and communicated on social media. At their first meeting,

defendant told trial counsel the victim wanted to drop the charges

against him. Trial counsel reviewed the requirements for a

successful motion under United States v. Wade, 388 U.S. 218, 87

S. Ct. 1926, 18 L. Ed. 2d 1149 (1967), and testified he saw no

grounds for relief.

 Judge Cronin found that defendant failed to satisfy either

prong under Strickland. We agree.

 Defendant also asked to set aside his guilty plea. During

the hearing, defendant testified he lied when he entered his plea

because he wanted to get probation rather than face a second-

degree sentence. In considering this request, Judge Cronin applied

the factors set forth in Slater, supra, 198 N.J. at 157-58:

 (1) whether the defendant has asserted a
 colorable claim of innocence; (2) the nature
 and strength of defendant's reasons for
 withdrawal; (3) the existence of a plea
 bargain; and (4) whether withdrawal would

 5 A-5624-13T3
 result in unfair prejudice to the State or
 unfair advantage to the accused.

 Addressing the first factor, Judge Cronin read the transcript

of defendant's guilty plea and found it belied his claim of

innocence. In addition, Judge Cronin reviewed the discovery

available to defendant at the time the guilty plea was entered,

which he found "wholly inconsistent with innocen[c]e."

 Turning to defendant's professed reason for seeking to

withdraw his guilty plea – that his counsel was ineffective during

the plea-bargaining process – Judge Cronin found this challenge

meritless. He found defendant's assertions that he was unaware

of the penal consequences of his conviction and the fact he might

lose his employment were refuted by his testimony when he entered

his guilty plea as well as the plea form.

 Finally, Judge Cronin noted the plea was entered pursuant to

an agreement. Because defendant had failed to present a colorable

claim of innocence or state a valid reason for withdrawal, there

was no need to balance factors in favor of withdrawal against

possible prejudice to the State. He concluded defendant's motion

to withdraw his guilty plea lacked merit.

 The trial court's denial of defendant's motion is subject to

review for abuse of discretion. State v. Mustaro, 411 N.J. Super.

91, 99 (App. Div. 2009). We discern none here.

 6 A-5624-13T3
Affirmed.

 7 A-5624-13T3